IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN A. BOZSIK, | ) CASE NO. 1:08 CV 2980 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| STATE OF OHIO, et al., | ) |
| Defendants. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |

This matter comes before the Court upon Plaintiff's ex parte Motion for a Temporary Restraining Order ("TRO") against Defendants Fortney and Neal. Plaintiff seeks to prevent these from billing or executing court courts against him until after this case has been concluded.

The primary purpose of injunctive relief is to maintain the status quo until a decision on the merits can be reached. See *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). In addition, courts shall not issue injunctive relief unless the right to such relief is clear under the facts and circumstances of the case. See *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Grall*, 836 F. Supp. 428, 431 (W.D. Mich. 1993). In determining whether to issue injunctive relief, courts must consider four factors. Those factors are: (1) whether the movant has a "strong" likelihood of

success on the merits; (2) whether the movant will suffer irreparable injury in the absence of injunctive relief; (3) whether the issuance of injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of injunctive relief. *See McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997)(en banc)(quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995)).

As a general matter, "the four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied." *Id.* (emphasis and citation omitted). However, it is critical that a plaintiff demonstrate some irreparable injury before injunctive relief may issue. *See Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982); *Economou v. Physicians Weight Loss Ctrs. of Am.*, 756 F. Supp. 1024, 1031 (N.D. Ohio 1991). To demonstrate irreparable harm, a plaintiff must show "an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (internal quotations omitted).

The Court finds that Plaintiff has failed to demonstrate that he will suffer any irreparable harm absent injunctive relief. With respect to this issue, Plaintiff claims that in the absence of a TRO, prison officials will take his property in order to cover the costs assessed by Defendants Fortney and Neal without affording him any chance to challenge the validity of the fees. This, however, does not constitute irreparable harm, as it can be remedied by a later award of monetary damages. This Court finds that the type of harm alleged here is not of the degree or type necessary to justify an order of injunctive relief under the relevant case law. Based upon the

foregoing, Plaintiff's Motion for a Temporary Restraining Order (Doc. # 3) is DENIED. IT IS SO ORDERED.

                                              /s/ Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATE January 15, 2009