UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| STEVEN A. BOZSIK, | ) CASE NO. 1:08 CV 2980 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| NANCY ROGERS, et al., | ) MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) |

On December 22, 2008, pro se plaintiff Steven A. Bozsik filed the above captioned action under 42 U.S.C. § 1983 against former Ohio Attorney General Nancy Rogers, Medina County Common Pleas Court Judge James L. Kimbler, Medina County Common Pleas Court Clerk Kathy Fortney, and Wayne County Common Pleas Court Clerk Tim Neal. He filed a Motion to Amend Complaint on January 12, 2009 and submitted his Amended Complaint on January 29, 2009. In his Amended Complaint, he drops his claims against Ms. Rogers, and adds the State of Ohio and the Judges of the Ninth District Court of Appeals to the list of defendants already named in the original pleading. Plaintiff alleges that Ohio's vexatious litigator statute is unconstitutional. He seeks declaratory and injunctive relief.

## Background

Mr. Bozsik was declared to be a vexatious litigant pursuant to Ohio Revised Code §2323.52 by Medina County Common Pleas Court Judge James L. Kimbler on March 17, 2005. In accordance with Judge Kimbler's order, Mr. Bozsik must obtain leave of court to file a new action in the Medina County Court of Common Pleas, or the Ohio Ninth District Court of Appeals.

Mr. Bozsik challenges the constitutionality of a 2002 amendment to the statute. He asserts that the amendment "is an ongoing and irreparable violation of ... his due process and equal protection rights in the Fourteenth Amendment." (Am. Compl. at 8.) He further asserts he was denied access to the courts in violation of Article I, Section 16 of the Ohio Constitution. He contends that the statute prohibits him from defending himself in a civil or criminal action in which he is named as a defendant. He claims the Court of Appeals Judges denied him leave to file an appeal. He states that Judge Kimbler did not respond quickly to his Motions for Leave of Court, and permited non-parties to respond to the Motion. He states that Judge Kimbler also failed to provide him with notice prior to issuing his order declaring Mr. Bozsik to be a vexatious litigator. Finally, he asserts Ms. Fortney and Mr. Neal refuse to give itemized statements of court costs, charge excessive amounts for copies and assign his Motions for Leave new cases numbers so that he is required to pay the filing fee for the action. He asserts that he was denied due process and equal protection.

Plaintiff seeks an order declaring Ohio Revised Code § 2323.52 to be unconstitutional, both in general and as it is applied to him. He asks this court to enjoin the defendants from utilizing Ohio Revised Code § 2323.52 to prevent him from filing new actions. He also requests that the Court Clerks be ordered to return the filing fees collected for actions in

which he was denied leave to proceed.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, federal courts have recognized their own inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions, Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986), to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. §

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

1651(a)(citations omitted)).[2] The Ohio Statute, OHIO REV. CODE § 2323.52, provides the same remedy to Ohio courts faced with a vexatious or harassing litigant.

### Facial challenge to Ohio Revised Code § 2323.52

Mr. Bozsik contends that Ohio's vexatious litigant statute is unconstitutional on its face because it prohibits those individuals like him from defending lawsuits and criminal charges. Because of the wide-spread effects of striking down a statute on its face at the request of a litigant receiving an unfavorable ruling under its terms, courts have long recognized that this step should be used with hesitation. New York v. Ferber, 458 U.S. 747, 768 (1982). For the reasons set forth below, Mr. Bozsik fails to demonstrate that Ohio's vexatious litigant statute is unconstitutional on its face.

Contrary to Mr. Bozsik's assertion, the statute does not prevent a litigant from defending himself in a civil or criminal action. Ohio Revised Code § 2323.52 states in pertinent part:

> (D)(1) If the person . . . is found to be a vexatious litigator, . . . the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:
>
> (a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;
>
> (b) Continuing any legal proceedings that the vexatious litigator had

---

[2] Other circuits have endorsed enjoining these types of filers. See Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gamboez v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

> instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;
>
> (c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

OHIO REV. CODE § 2323(D)(1). By its terms, the statute prohibits a vexatious litigant from initiating proceedings or continuing with proceedings he already initiated without first obtaining leave of court. There is nothing in the statute which reasonably suggests a litigant cannot present a defense in either a civil case filed against the litigant or in a criminal case.

Moreover, although Mr. Bozsik asserts that the statute generally denies due process and equal protection, he provides no explanation for this statement. It is presented wholly as a conclusion of law. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

### Challenge to Ohio Revised Code § 2323.52 as Applied to Plaintiff

The majority of Mr. Bozsik's claims concern the state courts' application of the statute to him. He claims the Court of Appeals Judges failed to grant him leave to file appeals, that Judge Kimbler failed to respond quickly to his Applications for Leave of Court, permitted non-parties to respond to his Applications, and failed to provide him with notice prior to declaring him to be a vexatious litigator. He asserts that these actions are a denial of due process and equal protection.

United States District Courts do not have jurisdiction over challenges to state court

decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a

6

specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, plaintiff's claims directly attack the state court's decisions concerning his status as a vexatious litigator. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state courts were mistaken in rendering their decisions against him. Moreover, plaintiff requests as relief that the state judgments be declared unconstitutional and their execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

Finally, Mr. Bozsik contends that Court Clerks Kathy Fortney and Tim Neal assess filing fees for actions in which he is denied leave to file, and refuse to provide a detailed accounting of the court's use of the filing fees. He asserts that this denied him due process and equal protection.

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. The first step in this inquiry is to determine whether a deprivation of a constitutionally protected interest has occurred. The payment of filing fees is not a true deprivation, as the funds are used for the litigant's benefit by permitting him to file a document for consideration by the court. Payment of the fee, however, does not guarantee a favorable result. In this case, Mr. Bozsik is required to pay the filing fee to

7

submit his Application for Leave to File a new case. Although his Application may be denied, it does not result in a constitutional violation. See Hampton v. Hobbs 106 F.3d 1281, 1287 (6th Cir. 1997).

Furthermore, while the failure to receive a detailed accounting of the court's use of the filing fees plausibly could be a construed as a deprivation, there is no indication that Mr. Bozsik has a constitutionally protected property interest in this information. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Those interests are not created by the Constitution. Id. "Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id. Although he may have a desire to see this type of information, there is no indication that the failure to provide him with it was a denial of due process.

In addition, Mr. Bozsik fails to state a claim against the court clerks for denial of equal protection. In making an equal protection challenge, the plaintiff bears the initial burden of demonstrating that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Clements v. Flashing, 457 U.S. 957, 967 (1982). Mr. Bozsik does not allege that he has been treated differently than other individuals who are in the same situation. Without discrimination, there can be no denial of equal protection.

Moreover, even if Mr. Bozsik could demonstrate that he received disparate treatment,

8

his equal protection claim must still fail. Merely treating two groups differently does not violate the Equal Protection Clause. Rawls v. Sundquist, No. 96-5931, 1997 WL 211289, at *1 (6th Cir. Apr. 28, 1997). The actions of the defendants are presumed to be valid and will be sustained if the classification drawn is rationally related to a legitimate state interest. City of Cleburne, Texas, 473 U.S. at 439. The court will depart from these principles only when a burden is placed upon a "suspect class" of persons or on a constitutional right that is deemed to be "fundamental". Id. Vexatious litigants are not a "suspect class" of persons, and there is no fundamental right at stake. See Filipas, 835 F.2d at 1145. As neither a suspect classification or a fundamental right is at issue, the burden is on the plaintiff to show that the actions are not rationally related to a legitimate state interest. Collecting filing fees from individuals deemed to be prone to file vexatious or harassing litigation, is a means to protect the court's jurisdiction from conduct which impairs its ability to carry out its statutory functions, which is a legitimate state interest. Id. Mr. Bozsik has not stated a claim for an equal protection violation.

Finally, Mr. Bozsik asserts claims under the Ohio Constitution. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). The court, however, may exercise discretion in hearing state law matters. Id. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. Id. Having dismissed plaintiff's federal law claims, this court declines jurisdiction to hear plaintiff's state law claims.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court

9

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2009

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.